UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JIMMY JOE KORF,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>WARDEN O'DONNELL,<br><br>　　　　　Defendant. | 4:23-CV-04156-RAL<br><br><br>OPINION AND ORDER GRANTING<br>MOTION TO DISMISS |

　　　　Petitioner Jimmy Joe Korf filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 to challenge how his "sentence is being carried out, calculated, or credited by prison or parole authorities" under the First Step Act ("FSA"). Doc. 1. On December 13, 2023, the United States moved to dismiss the petition under Federal Rule of Civil Procedure 12(b) for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted, arguing that the Bureau of Prisons ("BOP") has calculated Korf's sentence correctly and that its calculations are not subject to judicial review. Doc. 9. On December 26, 2023, Korf filed a response that emphasizes that the relief Korf seeks is a proper "calculation" of his sentence under BOP policy and the FSA. Doc. 12 at 1.

I.　　Facts

　　　　In 2018, Korf was convicted of Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Doc. 11-2. He was sentenced to a 135-month term of incarceration with five years of supervised release, and he is currently serving his sentence

at the Federal Prison Camp in Yankton, South Dakota. Doc. 11 at 4. Korf's Public Information Inmate Data states that his term of incarceration expires on May 12, 2029, and that his projected statutory release date, which reflects application of non-discretionary credits such as Good Conduct Time credits, is January 8, 2028. Doc. 11-2 at 2, 4. Korf's projected satisfaction date, which is "calculated by applying all discretionary sentence credits . . . to the statutory release date" and includes the first 365 FSA time credits ("FTCs") Korf earned under the FSA, is January 8, 2027. Id. at 4; Doc. 10 at 2. As of Respondent filing its brief on December 13, 2023, Korf had also earned an additional 215 FTCs to apply toward prerelease custody. Doc. 10 at 8; Doc. 11-4.

Korf argues that these calculations of his FTCs are incorrect under the FSA and certain BOP policies. See Doc. 1. Korf asserts that proper calculation of his FTCs would show that his "outdate would be June of [2026]," and that proper calculation of his presumed accumulation of FTCs would indicate that his "conditional projected release date would be November [2024]"; this would have made Korf "eligible for Second Chance referral in November of [2023]." Doc. 1 at 8.

Korf has exhausted administrative remedies and now seeks this Court's review, asking this "Court to order the BOP to . . . calculate the maximum number of FTC's I may earn for my conditional projected release date." See Doc. 1 at 8; Doc. 11 ¶¶ 14–15. Respondent moves for dismissal, arguing that it has correctly calculated and applied Korf's FTCs and that, regardless, the BOP's calculation of Korf's FTCs is not reviewable under the Administrative Procedure Act. Doc. 10.

## II.   Discussion

Under the FSA, an eligible prisoner who participates in and completes approved "evidence-based recidivism reduction programming or productive activities" can earn FTCs which can "be applied toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(A), (C).

By earning FTCs, a prisoner may be eligible for transfer to supervised release up to twelve months early; FTCs earned in excess of that limit may apply toward early transfer to prerelease custody in a Residential Reentry Center placement or home confinement. 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d). FTCs are earned at a rate of either ten or fifteen days per thirty days of anti-recidivism programming, depending on an inmate's current and recent recidivism risk level assessments. 18 U.S.C. § 3632(d)(4)(A); see also 28 C.F.R. § 523.42(c).

Adjudicative decisions the BOP makes under the FSA are unreviewable. Martin v. Gerlinski, 133 F.3d 1076, 1079 ("[I]t is apparent that § 3625 precludes judicial review of agency adjudicative decisions but not of rulemaking decisions."); see also 18 U.S.C. § 3625 (explaining that the Administrative Procedure Act "do[es] not apply to the making of any determination, decision, or order under" the FSA). BOP calculations and applications of an individual's earned FTCs are adjudicative decisions under the FSA. See Roberts v. Cox, 4:20-CV-4187, 2022 U.S. Dist. LEXIS 43583, *5 (D.S.D. Mar. 11, 2022) (explaining petitioner's "argument regarding the BOP's calculation of his time credits is a challenge to the BOP's adjudicative decisions in this case, which are not subject to judicial review"); Nunez v. Bennett, CIV 22-4118, 2023 U.S. Dist. LEXIS 91745, *2 (D.S.D. May 22, 2023) (denying petitioner's objections to the computation and application of his FTCs because "both the calculations as well as the crediting of time credits in Petitioner's case by the [BOP] are not subject to judicial review").

Korf disagrees with the BOP's calculation of his FTCs, see Doc. 1 at 8 (explaining why he believes various dates related to his sentence are different); Doc. 10 (indicating how many FTCs Korf has earned), and requests this Court "order the BOP to . . . calculate the maximum number of FTC's I may earn for my conditional projected release date," Doc. 1 at 8. This Court cannot do so. To the extent Korf is requesting a calculation generally, such claim is moot because the BOP

has already calculated Korf's FTCs. See Doc. 10. To the extent Korf is challenging the existing calculation because he believes it is inaccurate, this Court cannot provide relief because that calculation is an unreviewable adjudicative decision.

Accordingly, for the reasons explained, it is

ORDERED that Korf's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, Doc. 1, is dismissed.

DATED this 8th day of April, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE